In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 19-2967 & 19-3213

ANTHONY KURI, also known as Ramsey Qurash,

*Plaintiff-Appellee,*

*v.*

CITY OF CHICAGO, ILLINOIS; JOHN FOLINO, JR.; and TIMOTHY MCDERMOTT,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 1653 — **Edmond E. Chang**, *Judge.*

———————————

ARGUED NOVEMBER 4, 2020 — DECIDED MARCH 11, 2021

———————————

Before EASTERBROOK, RIPPLE, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Anthony Kuri spent almost three years in jail before and during his trial for murder. A judge acquitted him, and he turned the tables by suing the arresting officers under 42 U.S.C. §1983. A jury in this suit returned a verdict of $4 million in compensatory damages against the officers, plus $50,000 in punitive damages. Illi-

nois law may require the City of Chicago to indemnify the officers for the compensatory award.

The district judge wrote a long opinion rejecting defendants' many arguments against the verdict. 409 F. Supp. 3d 626 (N.D. Ill. 2019). Most of these arguments have vanished on appeal. Defendants no longer contest the conduct of the trial or the amount of damages. But they maintain that Kuri's theories are legally defective—in particular, that only a violation of the Fourth Amendment (applied to the states by the Fourteenth) could support relief, and as a matter of law Kuri's arrest and detention were supported by probable cause. The district judge was not persuaded, nor are we.

The nature of defendants' appellate arguments makes most factual details irrelevant. It is enough to say that animosity between street gangs led to a shooting in July 2009. Two people approached a van and opened fire. Zae Russell, Tony Fernandez, and Gaurav Patel were in the van. Patel died; Fernandez was shot but recovered; Russell ducked and was not hit. Police arrested Kuri and David Gomez; prosecutors charged both with murder. Detectives John Folino and Timothy McDermott interviewed Russell and Fernandez. The detectives swore that Russell and Fernandez had named Kuri and Gomez as the assailants and that both witnesses had selected their pictures from a photo array. That was the basis of Kuri's arrest, detention, and prosecution; police lacked any physical evidence such as fingerprints, DNA, or a link between Kuri and the gun. Russell and Fernandez testified at the criminal trial, and again at the civil trial, that they had *not* identified Kuri as an assailant, even after the detectives directed them to do so, and that the detectives had made up the accusation against Kuri. Russell and Fernandez

contradicted themselves and changed their statements several times; Russell even contradicted himself on material issues during the civil trial. But after the jury's verdict we must take the evidence in the light most favorable to Kuri, and on that view the criminal charge against him was bogus, an invention of the investigating detectives.

The district judge instructed the jury on five legal theories that could support liability. One was the Due Process Clause of the Fourteenth Amendment, the second was the Fourth Amendment, and the other three do not matter given the conclusions we reach about these two. It is far from clear that defendants have preserved any of the arguments they make on this appeal, since they approved the jury instructions. Defendants say that they made the necessary arguments earlier, such as in a motion to dismiss the complaint, but they concede that they did not renew these arguments in the pretrial order, at trial, or in the jury-instruction conference. The law of this circuit about the use of arguments at one stage of a case to preserve points dropped later on may need attention, but this is not the appeal that requires it. We shall assume for the sake of argument that defendants' arguments have been preserved.

Defendants are right to say that the due-process theory is deficient. Before *Manuel v. Joliet*, 137 S. Ct. 911 (2017), many courts—including the Seventh Circuit—saw claims of wrongful detention pending trial as based on the Due Process Clause. A claim under the Fourth Amendment based on arrest and detention without probable cause ended, these decisions said, when a judge ordered the suspect detained for trial. But *Manuel* held that the Fourth Amendment supplies the basis for a claim until the suspect is either convicted

or acquitted. We have since held that *Manuel* abrogated any due-process objection to pretrial detention that has been approved by a judge. If the detention is not supported by probable cause, however, the Fourth Amendment provides a remedy. See, e.g., *Lewis v. Chicago*, 914 F.3d 472 (7th Cir. 2019); *Manuel v. Joliet*, 903 F.3d 667 (7th Cir. 2018). We decline Kuri's invitation to revisit those precedents. This means that the verdict cannot rest on the Due Process Clause.

But the Fourth Amendment remains. Once the jury decided to believe Russell and Fernandez that the detectives were lying about their identification of Kuri, that left his arrest and detention without support. Defendants tell us that the Fourth Amendment claim fails as a matter of law because, unless the judicial process has been corrupted, there cannot be a problem given the order detaining Kuri for trial. That understanding may find support in some pre-*Manuel* cases, but it has none afterward. The Supreme Court held that a Fourth Amendment theory based on lack of probable cause survives a judicial decision holding a suspect in custody. The Justices said that the right question is whether the arrest and detention are supported by probable cause.

Defendants insist that, even so, probable cause still supports Kuri's detention as a matter of law. They rely on four assertions: first that Russell "named Kuri as one of the offenders" during his first interview; second that Kuri lied to the detectives when he denied knowing Gomez; third that Kuri fled to avoid prosecution; fourth that Kuri lied about his whereabouts on the night of the shooting. We consider these in turn.

The assertion that Russell "named Kuri as one of the offenders" during his first interview invites us to disagree

with the jury, which heard Russell deny ever fingering Kuri. True, Russell also said the opposite (at least once under oath in court), but the jury had to decide which (if any) of Russell's statements to believe. A court of appeals cannot prefer one statement over the other and use it as the basis for removing the dispute from the jury.

The assertion that Kuri lied to investigators when he initially denied knowing Gomez is beyond doubt. Kuri concedes as much. He told the detectives the truth at a later interview. The lie shows that Kuri had something to hide, or perhaps that he feared retaliation from Gomez if he said something to Gomez's disadvantage. But why would it follow—as a matter of law, no less—that this lie supplies probable cause to think that Kuri murdered Patel?

As for the "flight": Kuri was first interviewed about two weeks after the shootings. The detectives told him that he was not under arrest and let him go. A few days later Kuri traveled to Rochelle, Illinois, about 80 miles from Chicago, and stayed with friends. Defendants depict this as a "flight" that shows consciousness of guilt. We don't see how. Police had told him that he was free to leave. It's not as if Kuri took to his heels to avoid police who were closing in. And as far as we can see, Kuri did not try to hide his location. When the detectives decided to arrest him a week after the first interview, they did not encounter trouble finding him in Rochelle and taking him into custody.

Then there is the assertion that Kuri provided a false alibi. The record does not demonstrate that what Kuri told the officers was false. He said that he was with friends at the time of the shooting; the friends Kuri named said that they could not remember whether he was with them that even-

ing. For all we know, the friends' memories were bad, or they had something else to hide, while Kuri told the truth. Or perhaps Kuri was the one with the bad memory. He was first interviewed two weeks after the shooting, and many people cannot reliably answer questions such as "where were you at precisely 8 pm two weeks ago"? To say "as a matter of law" that the discrepancy between Kuri's recollection and his friends' statements establishes probable cause to hold him in custody for almost three years is absurd.

These four things are no stronger collectively than they are individually. They are the sort of considerations that could well have persuaded a jury to side with the detectives rather than the memory-challenged (or perhaps honesty-challenged) Russell and Fernandez. But the problem in the end was one for the trier of fact. Kuri won, and the detectives lost. The jury reached a result that reasonable people could reach, on the evidence presented, which means that the judgment must be

AFFIRMED.